IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BRENDA JOYCE TATE                                         PETITIONER

V.                                    CIVIL ACTION NO. NO. 1:07CV203-WAP-JAD

MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.        RESPONDENTS

REPORT AND RECOMMENDATION

The respondents have moved to dismiss the petition for habeas corpus (Doc. 6) asserting that it is time barred. Tate challenges her guilty plea and sentence.

Title 28 U.S.C. § 2244(d) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was
prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On November 15, 2001 Tate pled guilty to uttering a forgery in the Circuit Court of Monroe County, Mississippi. She was sentenced on the charge on February 25, 2004. Her guilty plea became final on March 26, 2004, after the time to appeal any illegal sentence expired. Therefore in the absence of a properly filed state post-conviction petition, her time to file a federal post-conviction action expired on March 28, 2005. The record submitted by the respondents shows that

the petitioner's state court filings occurred after March 28, 2005 and therefore do not cause any tolling of the statute of limitations. Under the "mailbox rule" the petitioner filed her petition with this court between August 14, 2007 and August 17, 2007, more than two years after the expiration of the statute of limitations. Tate has made no showing of any extraordinary circumstances that would justify equitable tolling. The ignorance of the law that the petitioner pleads does not excuse her failure to timely apply for federal relief.

The undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice as untimely.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 19th day of March, 2008.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE